UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FRANK TRAMMELL,

           Plaintiff,

    v.

KOHLS,

           Defendant.

Case No. 26-cv-0421-bhl

---

**ORDER DENYING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

---

On March 16, 2026, Plaintiff Frank Trammell, proceeding without an attorney, filed this lawsuit against Defendant Kohls. (ECF No. 1.) Trammell has also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 3.) The matter is before the Court for consideration of Trammell's IFP motion.

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. §1915(a)(1). Trammell's motion will be denied for two reasons.

First, Trammell failed to sign his IFP application under penalty of perjury. (ECF No. 3 at 2.) This failure is sufficient grounds for denial on its own. *See* 28 U.S.C. §1915(a)(1) (requiring an affidavit to proceed IFP); *see also Zaun v. Dobbin*, 628 F.2d 990, 992–93 (7th Cir. 1980) (citing *Adkins v. E.I. DuPont DeNemours & Co.*, 335 U.S. 331, 339 (1948)) (discussing the affidavit requirement).

Second, even if he had signed the application, Trammell has not included sufficient financial information for the Court to grant him IFP status. The total cost of filing a civil action is $405.00, which includes the $350.00 statutory filing fee and a $55.00 administrative fee. To be allowed to proceed without prepayment of this basic fee, Trammell is obliged to provide evidence that he is unable to pay the fee. Trammell represents that his take home wages are $2,500.00 each

month.  (ECF No. 3 at 1.)  This is not an insubstantial income, and it provides him a source of funds to pay the filing fee.  *See Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972) (affirming a district court's denial of IFP based on salary alone).  Moreover, Trammell does not provide evidence of the monthly expenses he pays out of this income.  Instead, he simply asserts generically that "all extra money after all bills go[es] straight to pay[ing] off [a] $1,000,000.00 trust security agreement lien."  (ECF No. 3 at 2.)  It is unclear what Trammell's obligations are under this "trust security agreement lien," for which he has provided no evidence.  In the end, Trammell has failed to carry his burden of showing that he should be excused from paying the filing fee.  Given the record, the Court cannot conclude that Trammell is a "truly impoverished litigant[] who . . . would remain without legal remedy if [IFP] were not afforded to" him.  *See Brewster*, 461 F.2d at 651.

The Court will give Trammell **thirty (30) days** from the date of this Order to pay the filing fee.  If he does not pay, his case will be dismissed without prejudice for failure to prosecute under Civ. L. R. 41(c).

Accordingly,

**IT IS HEREBY ORDERED** that Trammell's motion for leave to proceed without prepayment of the filing fee, ECF No. 3, is **DENIED**.  Trammell has until **May 7, 2026** to pay the filing fee; otherwise, his case will be dismissed without prejudice for failure to prosecute under Civ. L. R. 41(c).

Dated at Milwaukee, Wisconsin on April 7, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge