UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FRANK TRAMMELL,

                Plaintiff,

                                      Case No. 26-cv-0421-bhl

    v.

KOHLS,

                Defendant.

---

## ORDER DENYING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

---

On March 16, 2026, Plaintiff Frank Trammell, proceeding without an attorney, filed this lawsuit against Defendant Kohls. (ECF No. 1.) Trammell also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 3.) On April 7, 2026, the Court denied Trammell's IFP motion, explaining that (1) he failed to sign his application under penalty of perjury; (2) he did not provide enough information about his monthly expenses; and (3) regardless of both facts, his monthly income permitted him to pay the filing fee. (ECF No. 4.) Accordingly, the Court ordered Trammell to pay the filing fee on or before May 7, 2026 if he wanted to continue with his case. (*Id.* at 2.) On April 17, 2026, Trammell filed a second IFP motion. (ECF No. 5.) The matter is before the Court for consideration of Trammell's second IFP motion.

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. §1915(a)(1). Unlike his first motion, Trammell's second IFP includes information about his finances and is signed under penalty of perjury. (ECF No. 5 at 1.) Trammell represents that he and his spouse both make $2,500 a month and that he has no dependents. (*Id.* at 2–3.) He states that Living Trust Bank owes him and his spouse one million dollars. (*Id.* at 3.) His monthly expenses include $1,500 for rent or mortgage; $800 for food; $300 for clothing; $150 for laundry and dry cleaning; and $100 for transportation. (*Id.* at 4.) He says

that "all extra money after all bills goes straight to paying off $1,000,000.00 security agreement lien." (*Id.* at 5 (all capitalized in original).)

On these facts, the Court will again deny Trammell's IFP motion because he is not sufficiently indigent to warrant a fee waiver. While a plaintiff need not show that he is totally destitute to establish indigence, *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980), the Court's authority to grant IFP motions "is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). The total cost of filing a civil action is $405.00, which includes the $350.00 statutory filing fee and a $55.00 administrative fee. Between his spouse's and his income, Trammell makes $5,000 a month: as already explained, this is not an insubstantial income and is sufficient, with advance planning, for Trammell to pay the filing fee. *See Brewster*, 461 F.2d at 651 (affirming a district court's denial of IFP based on salary alone). Indeed, Trammell is in significantly better financial condition than many litigants in this Court and has the financial resources to facilitate payment of the filing fee. The Court will give Trammell **thirty (30) days** from the date of this Order to pay the filing fee. If he does not pay, his case will be dismissed without prejudice for failure to prosecute under Civ. L. R. 41(c).

Accordingly,

**IT IS HEREBY ORDERED** that Trammell's second motion for leave to proceed without prepayment of the filing fee, ECF No. 5, is **DENIED**. Trammell has until **May 20, 2026** to pay the filing fee; otherwise, his case will be dismissed without prejudice for failure to prosecute under Civ. L. R. 41(c).

Dated at Milwaukee, Wisconsin on April 20, 2026.

s/ *Brett H. Ludwig*  
BRETT H. LUDWIG  
United States District Judge